Slip Op.18-42

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>                          Plaintiff,<br><br>                          v.<br><br>GREAT NECK SAW MANUFACTURERS,<br>INC.,<br><br>                          Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 17-00049 |

## <u>OPINION and ORDER</u>

[Defendant's motion to dismiss denied.]

Dated: April 16, 2018

<u>Albert S. Iarossi</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With him on the brief were <u>Chad A. Readler</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.

<u>Carl R. Soller</u>, Soller Law Intl, LLC, of So. Elmont, NY for Defendant Great Neck Saw Manufacturers, Inc.

Gordon, Judge:   Before the court is the motion of Defendant Great Neck Saw Manufacturers, Inc. ("GNSM") to dismiss the complaint of Plaintiff United States ("the Government"), pursuant to USCIT Rule 12(b)(6) for failure to state a claim. See Def.'s Mot. to Dismiss Pursuant to CIT Rule 12(b)(6), ECF No. 18 ("Def.'s Mot."); see also Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 22 ("Pl.'s Resp"). For the reasons set forth below, the court denies GNSM's motion.

## I. Background

GNSM is an importer and manufacturer of hand tools including screwdrivers, saws, levels, layout tools, knives, and flashlights ("subject merchandise"). Compl. ¶ 4, ECF No. 2. The Government brought this action against GNSM pursuant to 19 U.S.C. § 1592 and 28 U.S.C. § 1582 for civil penalties in the amount of $1,111,351.24 based on GNSM's negligence or gross negligence in the importation of the subject merchandise and unpaid customs duties in the amount of $307,767.49. See id. ¶ 1. The Government alleges that U.S. Customs and Border Protection ("Customs") conducted two audits of GNSM for entries during the period June 20, 2005 through December 31, 2009 ("audit period"), and that Customs concluded that GNSM improperly deducted a payment of a five percent buyer's commission from the commercial invoice unit cost. Id. ¶¶ 5, 8. The complaint further alleges that GNSM treated the commission as a non-dutiable charge, resulting in an inaccurate entered value for the subject merchandise. Id. ¶ 10. The Government also claims that while the commission was listed at the bottom of a commercial invoice as a deduction, along with non-dutiable costs of ocean freight and insurance, it was paid directly to GNSM's foreign sellers via wire transfer. Id. ¶ 11.

The complaint states that Customs determined that the payments were not bona fide buying commissions despite GNSM's argument that it maintained bona fide buying relationships with the intermediaries identified in its buying agreements. Id. ¶¶ 13, 15. The Government alleges that GNSM's three buying agreements show that the agents' names and addresses were identical to those of the foreign sellers that appeared on the commercial invoices, thereby calling into question the existence of a bona fide buying

agency relationship. Id. ¶ 12. Lastly, the complaint alleges that GNSM continued

its deduction of these commissions despite being explicitly notified by Customs, as early

as June 28, 2007, that the commissions were non-deductible. Id. ¶¶ 22, 23 ("June 2007

Notice"). This behavior, the Government claims, constitutes more than mere negligence.

Id. ¶ 24. The complaint characterizes the improper deduction of these buying

commissions as the material false statements resulting from Defendant's negligence or

gross negligence in violation of § 1592(a). Id. ¶ 36. GNSM timely filed an answer to

the complaint followed by a motion to dismiss pursuant to USCIT Rule 12(b)(6).

See Answer, ECF No. 12; Def.'s Mot.

## II. Standard of Review

In deciding a USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim

upon which relief can be granted, the court assumes all factual allegations to be true and

draws all reasonable inferences in the plaintiff's favor. See Cedars-Sinai Med. Ctr. v.

Watkins, 11 F.3d 1573, 1583–84 & n.13 (Fed. Cir. 1993).

A plaintiff's factual allegations must be "enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim of relief that is plausible on its face.'" See Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## III. Discussion

### A. Timeliness/Judgment on the Pleadings under Rule 12

USCIT Rule 12 requires a defendant to either file an answer to a complaint or move to present certain defenses within the time allowed for a response. See USCIT R. 12(a), (b). Rule 12 specifically provides that a motion asserting that a complaint fails to state a claim upon which relief may be granted "must be made before pleading if a responsive pleading is allowed." USCIT R. 12(b). Rather than filing a USCIT Rule 12(b)(6) motion to dismiss, GNSM chose to file its answer. The Government argues that having filed an answer, GNSM was time barred from filing a motion to dismiss for failure to state a claim. See Pl.'s Resp. at 3.

The Government is technically correct; however, Rule 12 also provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. See USCIT R. 12(c). When a court is confronted with a situation in which a party has filed a motion to dismiss after filing an answer, rather than denying the motion to dismiss as untimely, the court will treat the motion as one for judgment on the pleadings under Rule 12(c). See 2-12 Milton I. Shadur, Moore's Federal Practice - Civil, § 12.38 (3d ed. 2018) (". . . a motion to dismiss filed after the pleadings close will be treated as a motion for judgment on the pleadings."); see also Whitehurst v. Wal-Mart Stores East, L.P., 329 F. App'x. 206, 208 (11th Cir. 2008) ("[T]he court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)."). Accordingly, the court will construe Defendant's motion to dismiss as a Rule 12(c) motion for judgment on the pleadings.

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim. See Forest Labs., Inc. v. United States, 29 CIT 1401, 1402–03, 403 F. Supp. 2d 1348, 1349 (2005), aff'd, 476 F.3d 877 (Fed. Cir. 2007). In deciding a Rule 12(c) motion for judgment on the pleadings, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. See United States v. Ford Motor Co., 497 F.3d 1331, 1336 (Fed. Cir. 2007); 5C Wright & Miller, Federal Practice and Procedure § 1368 (3rd ed. 2017).

To survive a motion under Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" See Iqbal, 556 U.S. at 677–78 (citation omitted). This requires that the complaint plead facts which allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id.

Additionally, the court must determine whether Defendant's motion (whether a Rule 12(b)(6) or Rule 12(c) motion) was filed in contravention of the deadlines for further proceedings in this action. See Scheduling Order, ECF No. 15. Furthermore, if the court considers Defendant's motion under Rule 12(c), the court must also determine whether Defendant's motion would improperly delay consideration of the merits. See USCIT R. 12(c). Here GNSM filed its answer on July 26, 2017. One month later, the court issued a scheduling order governing further proceedings, including the filing of motions regarding the pleadings, discovery, and disposition on the merits by summary judgment or trial. See Scheduling Order. The deadline for motions regarding the pleadings was October 27, 2017, which was extended to November 6, 2017 pursuant to an order

on an unopposed motion. <u>See</u> Consent Mot. for Extension of Time, ECF No. 16; Order, ECF No. 17. That motion and order did not change the May 2018 date for the closure of discovery nor the August 2018 due dates for dispositive motions or a request for trial. Defendant then filed its motion to dismiss on November 5, 2017. Based on these circumstances, the court concludes that Defendant's motion to dismiss was interposed prior to the deadline provided in the Scheduling Order and early enough in the life of this action so as not to delay the final disposition on the merits. Accordingly, the court will not deny GNSM's Rule 12(b)(6) motion as untimely and will instead consider the motion under Rule 12(c).

## B. Negligence or Gross Negligence Claim

Defendant challenges the Government's claim for civil penalties (Count II) as inadequately pled in that the complaint fails to allege negligence or gross negligence on the part of GNSM. <u>See</u> Def.'s Mot. at 8–11. Under Section 1592, no person, by gross negligence or negligence, may enter merchandise into United States by means of a document, written or oral statement, or act that is material and false, or any omission that is material. <u>See</u> 19 U.S.C. § 1592(a)(1)(A)(i) & (ii).

A claim of negligence "arises out of 'an act or acts (of commission or omission) done through either the failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances in ascertaining the facts or in drawing inferences therefrom. . . ." <u>United States v. Ford Motor Co.</u>, 29 CIT 827, 845, 395 F. Supp. 2d 1190, 1207–08 (2005) (quoting 19 C.F.R., Part 171, App. B(B)(1)), <u>aff'd in part and remanded</u>, 463 F.3d 1267 (Fed. Cir. 2006). Therefore, the Government must allege that

GNSM "entered or introduced, or attempted to enter or introduce, merchandise into United States commerce by means of either (i) a material and false statement, document or act, or (ii) a material omission." See United States v. Maverick Mktg., LLC, 42 CIT ___, ___, 2018 WL 1187449, at *2 (2018). "Nothing more is required." United States v. Int'l Trading Servs., 40 CIT ___, ___, 190 F. Supp. 3d 1263, 1273 (2016).

Defendant contends that the complaint fails to set forth facts that indicate that GNSM made any false statement. Def.'s Mot. at 9. Defendant argues that the complaint only states that Customs' auditors concluded that GNSM had improperly deducted a five percent buying commission from the unit cost, and that GNSM's agency relationships lacked support for the existence of a bona fide buying agreement. Id.

As for gross negligence, a claim "arises 'if it results from an act or acts (of commission or omission) done with actual knowledge or wanton disregard for the relevant facts and with indifference to or disregard for the offender's obligations under the statute.'" Ford Motor Co., 29 CIT at 845 (quoting 19 C.F.R. Part 171, App. B(C)(2)). To find gross negligence, the court must determine that a defendant's violation of the statute "was willful, wanton or reckless or that the evidence before the Court illustrates [an] utter lack of care." Id. (citing Mach. Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 473 (Fed. Cir. 1985)).

In defense of the claim for gross negligence, GNSM contends that it actively participated in Customs' Port Account Management Program, which included the regular presentation of its buying agency agreements to Customs. See Def.'s Mot. at 10.

Defendant further argues that Customs never requested additional documentation from GNSM about the non-dutiability of the buying commissions and liquidated the duties on the subject merchandise as entered. Id. Consequently, Defendant contends that the complaint fails to allege any facts that demonstrate gross negligence, i.e., an utter lack of care on its part either before or after Customs' June 2007 Notice.

Taking all of the factual allegations in the complaint as true, the court agrees that the Government, as the non-movant, has sufficiently pled a cause of action for a civil penalty under § 1592, based on GNSM's negligence and/or gross negligence in connection with the entry of the subject merchandise.

The complaint alleges that GNSM "had incorrectly deducted a five percent commission payment from the commercial invoice unit cost, and had treated the [buying] commission payment as a non-dutiable charge for some entries. This resulted in an inaccurate entered value for the subject merchandise." Compl. ¶ 10. The complaint further alleges that GNSM's purported "buying agents" were, in fact, the foreign sellers themselves, who were listed on the commercial invoices. Id. ¶ 12. The Government also claims that "the commission payments were not bona fide buying commissions" and the deduction of these improper buying commissions resulted in an actual loss of revenue of more than $300,000. Id. ¶¶ 13, 33. The Government alleges that those payments are nothing more than additional monies given to the seller of the subject merchandise, and GNSM was not permitted to deduct the payments as non-dutiable commissions on the relevant entry documents. Therefore, the Government claims that

labeling the payments made to the seller of the subject merchandise as a commission

constitutes the material false statements, acts, or omissions at issue that are the result

of GNSM's negligence prior to the June 2007 Notice and gross negligence thereafter. Id.

¶ 36.

     The complaint also pleads that Defendant's violations were grossly negligent

because Customs expressly notified GNSM that its buying commissions would not be

allowed as non-dutiable commissions because the purported agency agreements were

not valid. Compl. ¶ 23 (citing June 2007 Notice). The complaint also states how Customs

provided additional information as to why those agreements were not valid. Despite this

explicit warning, the complaint alleges that GNSM ignored Customs and continued to list

those improper deductions on its entry forms. Id.[1]

     At the motion to dismiss stage, all the complaint must do is allege a false

statement, act, or omission. This is what Plaintiff has done. Here the complaint states that

GNSM improperly deducted, from the entered value of the subject merchandise, certain

buying commissions that were based on non-bona fide agency relationships and

---

[1] As part of its defense to the Government's gross negligence claim, GNSM attempts to introduce evidence regarding Customs' Port Account Management Program ("Program"). See Def.'s Mot. 10–11. The court will not entertain this information as any information about the Program is outside the four corners of the complaint, and therefore is not appropriate for consideration of a motion to dismiss or a motion for judgment on the pleadings. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1366, 1371 (3d ed. 2017); see also USCIT R. 12(d) (providing that if the court, in its discretion, considers information outside of the pleadings in a motion to dismiss or motion for judgment on the pleadings, the motion shall be converted to "one for summary judgment under Rule 56.").

determined as not allowable by Customs. The complaint characterizes the improper deduction of these buying commissions as the material false statements resulting from Defendant's negligence or gross negligence in violation of § 1592(a). Accordingly, the court denies GNSM's motion to dismiss, and holds that the Count II of the Government's complaint plausibly alleges a claim for a civil penalty for a violation of § 1592(a) and (b) based on GNSM's negligence and/or gross negligence.

### B. "Lawful" Duties

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990). Because there are no genuine issues of material fact in dispute as to whether the unpaid duties in question are lawful, the court will decide the merits of this issue. See Forest Labs., Inc. v. United States, 476 F.3d 877 (Fed. Cir. 2007).

GNSM argues that the Government failed to state a claim for unpaid duties because those duties are not "lawful." See Def.'s Mot. at 5. Defendant contends that Customs did not demand payment of additional duties at the time of liquidation and liquidated the entries as entered. Id. at 5. As a consequence, GNSM maintains that the liquidation is "final and conclusive upon all persons (including the United States and any officer thereof)." Id. Relying on United States v. Ford Motor Co., 497 F.3d 1331, 1338 (Fed. Cir. 2007) ("Ford Motor"), Defendant argues that once its entries are liquidated, the Government is precluded from recovering any additional duties. Def.'s Mot. at 6–7.

Similarly, GNSM maintains that where an entry was liquidated by operation of law pursuant to 19 C.F.R. § 159.11, and the time for filing a protest or voluntarily reliquidating the entry has run, Customs cannot recover additional duties under 19 U.S.C. § 1592(d) or interest or penalties under § 1592(c). Id. at 7 (citing United States v. Nat'l Semiconductor Corp., 496 F.3d 1354, 1359–61 (Fed. Cir. 2007) ("Nat'l Semiconductor")). Lastly, GNSM contends that if the Government was not deprived of lawful duties, there can be no recovery of a civil penalty based on negligence or gross negligence. Id. at 5.

GNSM's reliance on Ford Motor is misplaced. In Ford Motor the Government was not deprived of lawful duties resulting from a violation of § 1592(a). Rather, the duties were lost as a result of Customs' unjustified extension of the statutory liquidation deadline,[2] which resulted in Ford's entries being liquidated by operation of law under 19 U.S.C. § 1504. Ford Motor, 497 F.3d at 1339. The Federal Circuit explained that if the Government is deprived of duties "as a result of a violation of subsection (a)," then recovery of those duties is permissible. Id. at 1338–39. The Federal Circuit did not

---

[2] In the underlying administrative proceeding, Customs had initiated a civil fraud investigation, in which it issued three one-year extensions of the statutory one-year liquidation deadline for Ford's entries, based on the existence of the fraud investigation. Ford Motor, 497 F.3d at 1334. Customs eventually liquidated the entries at the correct, higher rate, and Ford paid the $5.3 million in additional duties. Ford then protested the liquidation, claiming that the extensions Customs issued were unreasonable. Id. In a prior decision involving the administrative proceeding, the Federal Circuit concluded that Customs' liquidation-deadline extensions were unjustified, and thus Ford's entries had been liquidated by operation of law pursuant to 19 U.S.C. § 1504(a) at the duty rate as entered. Ford Motor Co. v. United States, 286 F.3d 1335, 1343 (Fed. Cir. 2002). Customs was then required to return the $5.3 million in duties to Ford.

hold, as Defendant argues, that once an entry is liquidated, additional duties on those entries may never be lawful. It also noted that § 1592(d) "limits the recovery of lawful duties to those duties that it was deprived of 'as a result of' a violation of § 1592(a)." Id. at 1338. Lastly, the Federal Circuit recognized that § 1592(c) permits the Government to recover civil penalties regardless of whether the Government is deprived of duties. Id.

In Ford Motor, Customs was aware of the correct duty, but unjustifiably extended the liquidation deadline. Because the Federal Circuit held that those extensions were not justified, the entries were liquidated at the amounts asserted at entry, and the additional duties that Customs sought were unlawful. The court observed that the deprivation of lost duties was attributed to Customs' "own delay in pursuing its fraud investigation" (which caused the entries to be liquidated pursuant to statute), not any violation of § 1592(a). Id. at 1339.

Here the Government alleged that it was deprived of duties because GNSM improperly deducted a buyer's commission on the entry forms for the subject merchandise. The complaint further alleges that Customs relied on those improper deductions, with the entries liquidated at the incorrect rate as a result of GNSM's negligence and/or gross negligence. There is no claim in the complaint that Customs, unlike in Ford Motor, was aware of the incorrect duties that Defendant supplied, but liquidated those entries nonetheless, or that the entries were liquidated pursuant to § 1504 as a result of Customs' unjustified delay in conducting an investigation.

As for National Semiconductor, that case did not involve the recovery of duties pursuant to § 1592(d) that were lost as a result of violations of § 1592(a). The Federal

Circuit was not focused on the "lawfulness" of duties in excess of those listed on liquidated entry forms. Rather, the court resolved the question of whether it is proper for Customs to recover non-penal compensatory interest in an action to collect an interest penalty pursuant to § 1592(c), i.e., circumstances unrelated to this action.

GNSM's argument also fails because it cannot be reconciled with the applicable statute. Section 1592(d) requires collection of any duty unpaid as a result of a violation of § 1592(a), "notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed." See 19 U.S.C. § 1592(d). Despite GNSM's argument to the contrary, the plain language of § 1592(d) requires that the Government recover those duties lost as a result of a violation of § 1592(a). United States v. Blum, 858 F.2d 1566, 1569 (Fed. Cir. 1988). Customs must seek to restore all lost duties which would have been collected but for the alleged violator's entry of merchandise. See 19 U.S.C. § 1592(a), (d); see also United States v. Menard, Inc., 16 CIT 410, 416, 795 F. Supp. 1182, 1187 (1992) ("[T]he purpose of § 1592(d) is to make the government whole for revenue lost as a result of submission of false statements to Customs.").

Lastly, neither liquidation nor the general concept of "finality" bar the recovery of duties or a civil penalty under §1592. See Blum, 858 F.2d at 1569; see also United States v. Inn Foods, Inc., 560 F.3d 1338, 1348 (Fed. Cir. 2009) ("subsection (d) allows the United States to recover lawful duties lost as a result of a violation of subsection (a).

Lawful duties are those that would have been collected by the United States but for the violation of subsection (a).”). The court rejects GNSM's argument that the duties are not eligible for recovery. Accordingly, the duties that are unpaid by Defendant are lawful duties and collectable under § 1592(d) predicated on a finding by the court that GNSM violated § 1592(a).

## IV. Conclusion

Based on the foregoing reasons, it is hereby

**ORDERED** that GNSM's motion to dismiss Plaintiff's complaint is denied; and it is further

**ORDERED** that the parties shall file a proposed scheduling order governing further proceedings in this action on or before April 30, 2018.


                                                    ____/s/ Leo M. Gordon____
                                                      Judge Leo M. Gordon


Dated: April 16, 2018
         New York, New York