Slip Op.18-144

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> GREAT NECK SAW MANUFACTURERS, INC., <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 17-00049 |

MEMORANDUM and ORDER

[Plaintiff's motion to compel discovery denied without prejudice.]

Dated: October 22, 2018

Albert S. Iarossi, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Carl R. Soller, Soller Law Intl, LLC, of So. Elmont, NY for Defendant Great Neck Saw Manufacturers, Inc.

Gordon, Judge: Before the court is the USCIT Rule 37 motion by Plaintiff United States (the "Government") to compel discovery responses from Defendant Great Neck Saw Manufacturers, Inc. ("GNSM"). See Pl.'s Mot. to Compel Disc. Resps., ECF No. 31 ("Pl.'s Mot."); see also Def.'s Mem. In Opp. to Pl.'s Mot. to Compel Disc., August 6, 2018, ECF No. 32 ("Def.'s Resp."). For the reasons set forth below, the Government's motion is denied without prejudice.

## I. Background

GNSM is an importer and manufacturer of hand tools, including screwdrivers, saws, levels, layout tools, knives, and flashlights ("subject merchandise"). Compl. ¶ 4. The Government brought this action against GNSM pursuant to 19 U.S.C. § 1592 and 28 U.S.C. § 1582 for civil penalties in the amount of $1,111,351.24 based on GNSM's alleged negligence or gross negligence in the importation of the subject merchandise and unpaid customs duties in the amount of $307,767.49. See id. ¶ 1.

On April 6, 2018, pursuant to USCIT Rules 33, 34, and 36, the Government served discovery requests on GNSM, consisting of 12 requests for admission, 12 interrogatories, and six requests for the production of documents. Pl.'s Mot. at 1–2. Following these requests, the Government made several attempts to obtain GNSM's discovery responses. Id. at 8–40 (providing supporting material with separate pagination of Appx 1–Appx 31). GNSM's responses were due on May 10, 2018, but GNSM requested a two-week extension until May 25th based on "the large number of entries" involved and a "lack of any entry documents" associated with the discovery requests. Id. at Appx 16. The Government consented to the extension request, yet GNSM failed to provide the requested discovery by the deadline, nor any explanation for its further delay. Id.

Five days later, on May 30th, GNSM emailed the Government a letter with its responses to the Government's requests for admission, but no responses to the interrogatories or document requests. Id. at Appx 18–Appx 24. In the letter, GNSM reiterated its concerns expressed previously in its May 10th extension request. It noted that the Complaint identified "more than 6,595 line items on numerous consumption and

anti-dumping entries filed primarily at the Port of Memphis, TN.'" Id. at Appx 19 (quoting Compl. ¶ 5). It also asserted that without clarification by the Government as to the port(s) at which the violations took place and certain other information, it "is impossible for defendant to identify "'the agent' whom Customs claims is designated as a seller as opposed to a 'buying agent.'" Id. at Appx 19–Appx 20 (containing Defendant's discovery responses). Despite these concerns, GNSM's email stated that service of its interrogatory responses was awaiting review and certification by an individual associated with GNSM. Id. at Appx 18.

A lapse of four weeks ensued without any additional communication between the parties. Then, on June 26th, the Government emailed GNSM asking for responses to the outstanding discovery requests. Id. at Appx 27. GNSM failed to respond. One week later, on July 3rd, the Government again contacted GNSM via email regarding the outstanding discovery requests, noting that GNSM's responses were more than five weeks past due. Id. at Appx 26. The Government warned GNSM that if it did not comply by July 6th, the Government would seek the assistance of the court. Id. GNSM responded that day, suggesting that "[a] conference with the court may be a good idea," and that it would have further discussion with the Government the following week. Id. The Government did not respond to GNSM's suggestion. Rather, the Government inquired whether GNSM would fulfill its discovery obligations by July 6th, some six weeks beyond the initial deadline. Id. at Appx 25. That inquiry met with silence. On July 6, 2018, the Government then sent another email to GNSM indicating that, since GNSM had refused "to fulfill its discovery obligations," the Government would file a motion to compel. Id.

Four days later, on July 10th, in an effort to respond to the outstanding discovery requests, GNSM emailed the Government with a list of factories and ordering processes associated with the buying agents that source and oversee Chinese product for Defendant. Id. at Appx 29. GNSM stated that those processes were no different than the ones associated with the subject entries covered by the complaint. Id. The Government responded the same day, indicating that the information provided by Defendant "[did] not come close to satisfying [GNSM's] discovery obligations" and that the Government would file a motion to compel. Id. at Appx 28. Defendant, in turn, emailed that it was "quite clear in describing why [the Government's] general discovery requests are impossible to respond to in any particularity." Id. GNSM advised the Government that the documents being sought were likely already in the files of U.S. Customs and Border Protection. Additionally, Defendant noted that GNSM's records of the subject entries no longer exist because of the passage of time and that the age of the entries and the fact that the information is only available from overseas occasioned its delay. Id. The next day, on July 11th, Defendant again emailed the Government, this time attaching documents demonstrating the cycle for ordering the subject merchandise. Id. at Appx 31. GNSM acknowledged that even though those documents were examples of current ordering cycles, they were representative of "what occurred" with the subject entries and that the system has "been the same or with minor variations" since and including the time of those entries. Id. Plaintiff's motion to compel ensued.

## II. Discussion

The Government maintains that it acted in good faith in its attempts to resolve the discovery dispute. Pl.'s Mot. at 5. The Government argues that agreeing to GNSM's request for an extension of time to May 25th to respond to the Government's discovery requests, and then waiting four weeks for GNSM to comply after GNSM failed to respond by the May 25th deadline demonstrates that it acted in good faith in accordance with Rule 37(a)(1). Id. Plaintiff maintains that it made numerous additional requests of GNSM to comply, half of which were ignored. The Government also contends that the remainder of its requests for discovery—particularly as to the interrogatories or document production—were either (a) ignored by GNSM or (b) met with broad excuses for its non-response to the interrogatories or production of irrelevant documents. Id. In the Government's view, it has met its obligation under USCIT Rule 37 to confer or attempt to confer in an effort to obtain the needed discovery without the court's involvement. Id. Therefore, "in order to avoid potential further motion practice, as well as unnecessary delays," Plaintiff is seeking an order directing Defendant to comply with its outstanding discovery obligations. Pl.'s Mot. at 5–6.

GNSM responds that "the Government was advised that its explanation of the 'imports' was insufficient to allow for substantive/accurate responses to its interrogatories," and requests that the parties be given "the opportunity to make a substantive good faith effort to conclude discovery." Def.'s Resp. at 2, 4. GNSM argues that "as a result of a years' long Customs review audit and port account relationship . . . [Customs] should in fact have all the documents it seeks to examine." Id. at 1. GNSM also

maintains that the requested documents regarding the entries from 2005 through 2010 no longer exist in its records or those of its foreign shippers. Id. at 3.

The court understands the Government's frustration that this discovery dispute has lasted approximately six months, particularly in view of Defendant's regular non-compliance with discovery deadlines. Whether the parties conferred in good-faith is a case-by-case determination. See Benavidez v. Sandia Nat'l Labs, 319 F.R.D. 696, 723 (D.N.M. 2017).

Here, it appears from Defendant's May 10th extension request that GNSM might have difficulty meeting its obligations given the scope of the Government's discovery requests. Defendant again referenced these concerns in its May 30th letter. GNSM provided some further detail regarding these concerns in its final communication on July 10th. At a minimum, paragraph 5 of the Complaint and GNSM's first two communications should have cued Plaintiff that it might need to engage with Defendant so that the parties could make an effort to "determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved." Williams v. Sprint/United Mgmt. Co., 245 F.R.D. 660, 664 (D. Kan. 2007). Problematically though, Plaintiff's description of its efforts to confer failed to provide the court with a sense of whether the parties reasonably engaged in deliberations, conversations, a comparison of views, or consultations with an eye to resolving the dispute prior to involving the court. See Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 456, 459 (D. Kan. 1999).

Plaintiff would have the court believe that the Government did enough to satisfy its burden to confer via its exchange of emails. The difficulty for Plaintiff is that its emails are minimal in length. The requirement to confer is not met by email exchanges that are little more than perfunctory and simply restate Plaintiff's demands that GNSM fulfill its discovery obligations. See Benavidez, 319 F.R.D. at 723. Furthermore, "requesting or demanding compliance with the requests for discovery," or "simply showing that the discovery in question was requested more than once" is not enough to satisfy Plaintiff's duty to confer. Sprint/United Mgmt. Co., 245 F.R.D. at 664.

While Plaintiff has not met its duty to confer, Defendant has not been as forthcoming in responding to Plaintiff's discovery requests as required by the Court's Rules. Given the concerns raised by Defendant, there may be a need for the parties to compromise, including the possibility that Plaintiff may have to refine the scope of its interrogatories and document requests. Accordingly, the court will order the parties to meet in a good faith effort to resolve the discovery dispute. Should this discovery dispute return to the court, the parties shall, at a minimum, include (1) a more detailed and thorough explanation of their efforts, (2) the identification of areas of compromise and areas of disagreement and reasons therefor, (3) any specific issues impeding the ability of Plaintiff and Defendant to resolve their dispute, and (4) a more detailed and thorough explanation of what specifically is preventing Defendant from complying with the outstanding discovery requests.

Despite the possible need for refinement of the Government's discovery requests, GNSM's vaguely worded and broadly based objections and failure to answer Plaintiff's

interrogatories or produce any documents ignore the requirements of USCIT Rules 33 and 34. See Doe v. Nat'l Hemophilia Found., 194 F.R.D. 516, 520 (D. Md. 2000) (describing obligations of party objecting to discovery requests under Fed. R. Civ. P. 33). Rule 33 requires that a party specify its grounds for an objection to an interrogatory and to answer to the extent the interrogatory is not objectionable. USCIT R. 33(b)(3), (4). Similarly, Rule 34 provides that with respect to a request for production of documents, if there is an objection to a requested document, the responding party shall "state with specificity the grounds for objecting," and if the responding party is only objecting to part of a request it must "specify the part and permit inspection of the remaining parts." USCIT R. 34(b)(2)(B), (C). Additionally, if Defendant felt unduly burdened by the Government's discovery requests, it had a remedy under Rule 26 to seek a protective order. See USCIT R. 26(c). Defendant failed to satisfy either Rule 33 or 34, nor sought protection under Rule 26. Consequently, the court reminds Defendant of its obligations and potential remedies.

### III. Conclusion

Based on the foregoing reasons, it is hereby

**ORDERED** that the Government's motion to compel discovery from GNSM is denied without prejudice; it is further

**ORDERED** that the parties shall meet in person and reasonably confer on or before November 30, 2018 in an effort to resolve their discovery dispute; it is further

**ORDERED** that if the parties fail to resolve their discovery dispute, they may individually file a motion or motions provided for in the Court's Rules to resolve that dispute on or before December 20, 2018; and it is further

Court No. 17-00049                                                                                                     Page 9

**ORDERED** that if the parties resolve their discovery dispute without the intervention of the court, they shall file a proposed joint scheduling order governing further proceedings in this action on or before December 20, 2018.


                                                              /s/ Leo M. Gordon
                                                            Judge Leo M. Gordon

Dated: October 22, 2018
       New York, New York